# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ERICA SHIELDS** : | Case No. 1:18-cv-593 |
| 227 East 13th Street : | |
| Covington, KY 41011 : | Judge |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **COMPLAINT WITH JURY** |
| : | **DEMAND ENDORSED HEREON** |
| **SINCLAIR MEDIA III INC.** : | |
| 1906 Highland Avenue : | |
| Cincinnati, OH 45219-3104 : | |
| : | |
| Defendant. : | |
| : | |

## PARTIES

1. Plaintiff Erica Shields ("Plaintiff" or "Ms. Shields") is a citizen and resident of the Commonwealth of Kentucky who works within this Division and District.

2. Defendant Sinclair Media III Inc., ("Defendant" or "Sinclair") is a foreign corporation doing business in Cincinnati, Hamilton County, Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Counts I, III, and V pursuant to 42 U.S.C. § 2000e, *et seq.* because these Counts arise under Title VII of the Civil Rights Act.

4. This Court has supplemental jurisdiction over the state law claims in Counts II, IV, VI, and VII of this Complaint pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction, that

they form the same case or controversy.

5. This Court has personal jurisdiction over Defendant because it conducts business and employed Plaintiff within this district and division.

6. Plaintiff filed a timely charge of race and sex discrimination and retaliation with Equal Employment Opportunity Commission ("EEOC") and eventually Plaintiff received a Notice of Right to Sue from the EEOC.

7. Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of Right to Sue.

8. Plaintiff has met all procedural prerequisites for her claims.

9. Venue is proper in this Division and District pursuant to 29 U.S.C. § 1391(b) because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

10. Defendant is an "employer" under all aspects of Ohio and federal law.

## FACTUAL ALLEGATIONS

11. Plaintiff is a 31 year old homosexual African-American female.

12. Plaintiff began her employment with Sinclair in 2016.

13. Plaintiff performed her job duties well, and Sinclair recognized her good performance with promotions and praise. Per Sinclair's May 2017 evaluation, Plaintiff met or exceeded expectations in each evaluated category. Notably, Sinclair awarded Plaintiff with the highest score possible in the "work ethic" category, rating her as "exceeding expectations" in all five subcategories, including "policies and procedures are consistently followed."

14. However, shortly after her evaluation, Plaintiff began to be singled out for petty or untrue work-ethic related infractions by her supervisor, Brian Wedig ("Mr. Wedig"), such as

not being at her work station "all morning" when she had only been absent a few minutes. Mr. Wedig also criticized Plaintiff for turning the lights on in the media control room during operations and for laughing.

15. Mr. Wedig had made clear to Plaintiff his disdain for her sexual orientation. Knowing Plaintiff is gay, Mr. Wedig made statements such as he did "not care for that lifestyle" and that he does not "want to see it in [his] face."

16. Plaintiff reasonably believed Mr. Wedig's petty criticisms of her stemmed from his biases against homosexuals, and did not see Mr. Wedig or others criticize white, straight men for legitimate unprofessionalism at work.

17. Plaintiff complained about Mr. Wedig's comments orally and in writing to Sinclair's Human Resources department. Sinclair responded that it had no proof of other employees misbehaving and not being disciplined for it, and invited her to provide proof to them of the same.

18. Accordingly, Plaintiff then used her phone's camera to record the misbehavior of other employees, consistent with Sinclair's requests.

19. However, upon showing the video evidence she had gathered, Sinclair punished and reprimanded Plaintiff for using her phone on company time and not the persons who she recorded.

20. Eventually, Sinclair, terminated Plaintiff, alleging she improperly accessed confidential information at work via a co-worker's computer station. While untrue, Sinclair refused to terminate a white, male, heterosexual co-worker involved in the same alleged incident.

21. Defendant's actions in reprimanding and terminating Plaintiff, treating her

3

worse than her peers because of her race, sex, and sexual orientation, then retaliating against her for complaining, and ultimately terminating her are unlawful under federal, state, and local law.

22. Said actions were severe and pervasive, constitute a pattern and practice of behavior, and have actually and proximately caused damages stemming from her job loss and from emotional distress, among other damages.

## COUNT I

### (Race Discrimination and Retaliation – Title VII)

23. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24. Plaintiff is African American.

25. Plaintiff was fully qualified for her position at all relevant times.

26. Defendant's discriminatory treatment of Plaintiff was because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

27. Plaintiff complained about discrimination and harassment to members of Defendant's human resources management.

28. Defendant retaliated against Plaintiff for making such complaints and filing her Charge by subjecting her to further discrimination, reprimanding her, and firing her.

29. Defendant's above-described actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act, as amended.

30. Defendant's actions were intentional, willful, wanton and malicious in nature.

31. Defendant has engaged in a pattern and practice of race discrimination.

32. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damage for which she is entitled to judgment.

## COUNT II

**(Race Discrimination and Retaliation – Ohio Revised Code Chapter 4112)**

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff is African American.

35. Plaintiff was fully qualified for her position at all relevant times.

36. Defendant's discriminatory treatment of Plaintiff was because of her race in violation of Ohio Revised Code, Chapter 4112.

37. Plaintiff complained about discrimination and harassment to members of Defendant's human resources management.

38. Defendant retaliated against Plaintiff for making such complaints and filing her Charge by subjecting her to further discrimination, reprimanding her, and firing her.

39. Defendant's above-described actions constitute unlawful retaliation in violation of Ohio Revised Code, Chapter 4112.

40. Defendant's actions were intentional, willful, wanton and malicious in nature.

41. Defendant has engaged in a pattern and practice of race discrimination.

42. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant as provided in Ohio Revised Code § 4112.99 for all damages resulting from its unlawful discriminatory conduct.

## COUNT III

**(Gender Discrimination and Retaliation – Title VII)**

43. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

44. Plaintiff is a female.

45. Plaintiff was fully qualified for her position at all relevant times.

5

46. Defendant's discriminatory treatment of Plaintiff was because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

47. Plaintiff complained about discrimination and harassment to members of Defendant's human resources management.

48. Defendant retaliated against Plaintiff for making such complaints and filing her Charge by subjecting her to further discrimination, reprimanding her, and firing her.

49. Defendant's above-described actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act, as amended.

50. Defendant's actions were intentional, willful, wanton and malicious in nature.

51. Defendant has engaged in a pattern and practice of gender discrimination.

52. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damage for which she is entitled to judgment.

## COUNT IV

**(Gender Discrimination and Retaliation – Ohio Revised Code Chapter 4112)**

53. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

54. Plaintiff is a female who was fully qualified for the position she held with Defendant.

55. Defendant discriminated against Plaintiff on the basis of her gender by treating her less favorably than similarly situated male employees and by terminating her employment.

56. Defendant's conduct violates Ohio Revised Code § 4112.02.

57. Plaintiff complained about discrimination and harassment to members of Defendant's human resources management.

58. Defendant retaliated against Plaintiff for making such complaints and filing her Charge by subjecting her to further discrimination, reprimanding her, and firing her.

59. Defendant's above-described actions constitute unlawful retaliation in violation of Ohio Revised Code § 4112.02.

60. Defendant's actions were intentional, willful, wanton and malicious in nature.

61. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT V

### (Gender/Sexual Orientation Discrimination and Retaliation – Title VII)

62. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

63. Plaintiff is a homosexual female who was fully qualified for the position she held with Defendant.

64. In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition against gender discrimination bars employment discrimination based upon sexual orientation.

65. Defendant discriminated against Plaintiff on the basis of her sexual orientation, and, therefore, her gender, by treating her less favorably than similarly situated male employees and by terminating her employment.

66. Defendant discriminated against Plaintiff because she engaged in romantic relationships (or desired to engage in romantic relationships) with women.  This amounts to gender discrimination because Defendant treated Plaintiff substantially worse than men who engage in romantic relationships (or desire to engage in romantic relationships) with women.

67. Defendant's adverse treatment of Plaintiff, additionally, would not have occurred

but for Plaintiff's gender.

68. Plaintiff complained about discrimination and harassment to members of Defendant's human resources management.

69. Defendant retaliated against Plaintiff for making such complaints and filing her Charge by subjecting her to further discrimination, reprimanding her, and firing her.

70. Defendant's above-described actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act, as amended.

71. Defendant's actions were intentional, willful, wanton and malicious in nature.

72. Defendant has engaged in a pattern and practice of gender/sexual orientation discrimination.

73. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damage for which she is entitled to judgment.

## COUNT VI

**(Gender/Sexual Orientation Discrimination and Retaliation –
Ohio Revised Code Chapter 4112)**

74. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

75. Plaintiff is a homosexual female who was fully qualified for the position she held with Defendant.

76. In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition against gender discrimination bars employment discrimination based upon sexual orientation, and the Ohio Supreme Court has indicated that it will look to analogous federal law in connection with interpreting Ohio's anti-discrimination laws.

8

77. Defendant discriminated against Plaintiff on the basis of her sexual orientation and, therefore, her gender, by treating her less favorably than similarly situated male employees and by terminating her employment.

78. Defendant discriminated against Plaintiff because she engaged in romantic relationships (or desired to engage in romantic relationships) with women. This amounts to gender discrimination because Defendant treated Plaintiff substantially worse than men who engage in romantic relationships (or desire to engage in romantic relationships) with women.

79. Defendant's adverse treatment of Plaintiff, additionally, would not have occurred but for Plaintiff's gender.

80. Defendant's conduct violates Ohio Revised Code § 4112.02.

81. Plaintiff complained about discrimination and harassment to members of Defendant's human resources management.

82. Defendant retaliated against Plaintiff for making such complaints and filing her Charge by subjecting her to further discrimination, reprimanding her, and firing her.

83. Defendant's above-described actions constitute unlawful retaliation in violation of Ohio Revised Code § 4112.02.

84. Defendant's actions were intentional, willful, wanton and malicious in nature.

85. Defendant has engaged in a pattern and practice of gender/sexual orientation discrimination.

86. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT VII –Ohio Public Policy Claim

87. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

88. All of the seven largest cities in Ohio, as well as nearly every other major metropolitan area in Ohio, including the parties' city of Cincinnati, Columbus, Dayton, Cleveland, Akron, Toledo, Bowling Green, Athens, Coshocton, East Cleveland, Cleveland Heights, North Olmstead, Oberlin, Canton, Newark, and Oxford have enacted laws prohibiting discrimination against employees because of their sexual orientation. Ohio counties, including Hamilton County, Franklin County, Cuyahoga County, Montgomery County, Lucas County, Summit County, and Wood County have as well. Stated otherwise, it is fair to say that most Ohio employees work in jurisdictions where sexual-orientation discrimination is unlawful and, as such, it is the public policy of this state that such discrimination cannot be permitted.

89. Ohio's public policy preventing workplace discrimination based on sexual orientation is further reflected by Ohio Governor John Kasich's Executive Order 2011-K5 barring sexual orientation discrimination against public employees.

90. In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition against gender discrimination bars employment discrimination based upon sexual orientation, and the Ohio Supreme Court has indicated that it will look to analogous federal law in connection with interpreting Ohio's anti-discrimination laws.

91. Ohio has expressed a clear public policy that employees shall not be discriminated against on the basis of their sexual orientation.

92. Disciplining, terminating, and/or retaliating against employees because they are gay or who complain about being discriminated against because of their sexual orientation would jeopardize this public policy.

93. Defendant's conduct in treating Plaintiff less favorably and then firing her based

on her sexual orientation (as well as retaliating against her because of her complaints of this treatment) constitutes a breach of public policy.

94. Defendant's actions were intentional, willful, wanton and malicious in nature.

95. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been injured and is entitled to recovery.

**WHEREFORE**, Plaintiff Erica Shields demands judgment against Defendant Sinclair Media III Inc. as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be awarded compensatory damages including emotional distress damages;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded statutory damages under the federal, Ohio, and City statutes cited above;

(e) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(h) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Theodore C. Copetas (0068419)
Eberly McMahon Copetas LLC
2321 Kemper Lane, Suite 100
Cincinnati, OH   45206
513-533-9898
513-533-3554 Fax
deberly@emclawyers.com
tcopetas@emclawyers.com
Counsel for Plaintiff Erica Shields

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ David A. Eberly